IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF NORTH CAROLINA
EASTERN DIVISION

No: 4:17-CV-118-D

| | |
|---|---|
| UN4 PRODUCTIONS, INC., | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| DOES 1–10, | ) |
| Defendants. | ) |

This matter comes before the court on Plaintiff's motion for leave to take discovery prior to conducting a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. [DE-5]. Plaintiff seeks leave to serve one or more subpoenas pursuant to Rule 45 on the internet service providers ("ISP") AT&T U-verse and Century Link, which Plaintiff asserts will be able to identify the 10 "Doe" Defendants named in the complaint. Plaintiff has the internet protocol ("IP") address associated with each Defendant, along with the city and county in which the alleged infringement occurred, but seeks to obtain by subpoena the name and address, telephone number, email address, and Media Access Control ("MAC") address of each Defendant. Pl.'s Mem. [DE-6] at 3–7 & Compl. Ex. 2 [DE-1-2].

Under the Federal Rules, discovery is not permitted until after the parties have conferred as required by Rule 26(f), except in certain specified circumstances, including by order of the court. Fed. R. Civ. P. 26(d)(1). For good cause, a court may allow expedited discovery. *See Me2 Prods., Inc. v. Does 1-16*, No. 4:16-CV-279-FL, 2016 WL 7017268, at *1 (E.D.N.C. Dec. 1, 2016) (citations omitted). "Factors that courts consider under this test include the procedural posture of the case, whether the discovery requested is narrowly tailored, whether the party seeking the information

would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference, and whether the information sought would be unavailable or subject to destruction in the absence of expedited production." *Id.* (citation omitted).

Plaintiff alleges that Defendants are using online media to distribute Plaintiff's motion picture without consent or permission in violation of Plaintiff's copyright, Compl. ¶¶ 32–33, and seeks identifying information about Defendants in order to effect service and litigate the infringement claims. The information sought is narrowly tailored to serve this purpose and will enable the parties to conduct the Rule 26(f) conference. Accordingly, for good cause shown, Plaintiff's motion is allowed as follows:

(1) Plaintiff may serve on AT&T U-verse and Century Link subpoenas for documents containing the name, permanent address, current address, telephone number, e-mail address, and MAC address of each Doe Defendant, and Plaintiff shall attach to each subpoena a copy of this order;

(2) AT&T U-verse and Century Link are ordered to provide the documents sought in each subpoena in accordance with the terms of this order;

(3) Within seven days after the date of Plaintiff's service on AT&T U-verse or Century Link of a subpoena authorized herein, AT&T U-verse or Century Link shall serve written notice of the subpoena on the Doe Defendant about whom documents are sought in the subpoena. If AT&T U-verse, Century Link, or the Doe Defendant about whom documents are sought in a subpoena wishes to have the subpoena quashed or modified, a motion to quash or modify the subpoena must be filed with the court and served on counsel for Plaintiff prior to the return date for the subpoena (which is the date specified in the subpoena for production of the documents sought). The return date shall

be no earlier than 21 days after the date of service by Plaintiff of the subpoena on AT&T U-verse or Century Link;

(4) AT&T U-verse and Century Link shall not produce any documents in response to a subpoena prior to the return date or, if any motions to quash or modify are filed with respect to the subpoena, unless and until an order is entered denying any such motions and permitting production pursuant to the subpoena (in which case production shall be in accordance with the terms of such order). Plaintiff shall notify AT&T U-verse or Century Link of the filing of any motion to quash or modify a subpoena within one day after the filing of the motion. AT&T U-verse and Century Link shall make appropriate arrangements to ensure that they have notice of any motions to quash or modify a subpoena before it produces any documents in response to the subpoena;

(5) Any documents produced to Plaintiff in response to a subpoena may be used solely for the purpose of prosecuting Plaintiff's infringement claims in this action; and

(6) Except as expressly provided herein, by further order of the court, or in the Federal Rules of Civil Procedure, Plaintiff may not engage in discovery in this action prior to the conduct of a Rule 26(f) conference.

SO ORDERED, the 14 day of September 2017.

Robert B. Jones, Jr.
United States Magistrate Judge